## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| HORACE CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:04-cr-01046-DCN-2 |
| vs. | ) | No. 2:09-cv-70048-DCN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Horace Campbell's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the 2255 Petition), the government's motion to dismiss, or in the alternative, for summary judgment, Campbell's motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings (the Rule 7 Motion). In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

For the reasons set forth below, the court denies the 2255 Petition, denies the Rule 7 Motion, and grants the government's motion for summary judgment.

## I. BACKGROUND

On June 1, 2005, a federal grand jury issued a second superseding indictment that charged Campbell and seventeen co-defendants with a total of eighty-eight counts relating to cocaine and "crack" cocaine trafficking. After an eight-day trial beginning on August 24, 2005, a jury found Campbell guilty on eight conspiracy, drug trafficking, and firearms counts. The jury acquitted Campbell of one money laundering count.

1

At a sentencing hearing held on March 30, 2006, the government dismissed twelve other counts that had remained pending against Campbell and the court sentenced Campbell to life imprisonment. Judgment was entered against Campbell on April 28, 2006.

Campbell timely appealed to the Fourth Circuit, arguing that the trial court erred by denying his motion to suppress wiretap evidence, that the government failed to timely disclose certain evidence, and that the court improperly increased his maximum sentence in violation of his Constitutional rights. The Fourth Circuit affirmed both Campbell's conviction and his sentence on June 4, 2007. Campbell then asked this court to reduce and modify his sentence on June 3, 2008.

On October 3, 2008, Campbell asked the court to compel his trial and appellate counsel to provide him with all documents relating to the case; twenty-one days later, Campbell supplemented his motion with requests for additional information.[1]

On April 15, 2009, Campbell, appearing *pro se*, filed the 2255 Petition. The government moved to dismiss the 2255 Petition, or for summary judgment, and Campbell filed a traverse in response to the government's motion on September 1, 2009.

On October 24, 2011, the court appointed an assistant federal public defender to represent Campbell on his motion for a reduction in sentence. Campbell's public defender and the government agreed that Campbell was entitled to a reduction in sentence pursuant the Fair Sentencing Act of 2010 and the United States Sentencing Commission's subsequent retroactive amendments to the United States Sentencing Guidelines. On May 23, 2012, the court reduced Campbell's sentence of life

---

[1] Because Campbell has received the legal documents he requested in his two motions to compel, and because the court denies both the 2255 Petition and the Rule 7 Motion, these two motions to compel are now moot.

imprisonment "as follows: 360 months as to counts 1, 35, 36, and 42, all terms to run concurrently to each other. All other provisions of the original sentence as to counts 2, 52, 53, and 68 shall remain the same." Order, May 23, 2012.

On June 20, 2012, the court appointed the same public defender to represent Campbell for purposes of the 2255 Petition. On July 17, 2012, Campbell's appointed counsel filed the Rule 7 Motion, which seeks to add an additional ineffective assistance claim not mentioned in the 2255 Petition. The government moved to dismiss the Rule 7 Motion and the matter has been fully briefed.

## II. STANDARD OF REVIEW

### A. *Pro Se* Litigants

While Campbell is now represented by counsel, he filed the 2255 Petition *pro se*. *Pro se* complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A district court must liberally construe a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### B. 28 U.S.C. § 2255 Petition

Campbell proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

3

> United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Campbell bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. King v. United States, No. 05-cv-0218, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).[2] At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Campbell contends that Drennan rendered ineffective assistance during all phases of Campbell's criminal proceedings and in these related civil proceedings. The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), announced a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. "To establish cause for [a] default based upon ineffective assistance of counsel, [petitioner] must show that [his] attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a

---

[2] Though the language of Rule 56 was revised in 2010, "[t]he standard for granting summary judgment remain[s] unchanged." Fed. R .Civ. P. 56 advisory committee's note. As a result, the court uses the current language of Rule 56 even though the 2255 Petition and the government's related motion for summary judgment were filed before the latest changes to the Federal Rules.

result." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Strickland, 466 U.S. at 687). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland, 466 U.S. at 689-90.

Campbell asserts three ineffective assistance of counsel claims, which the court now discusses in turn.

### A. Counsel's Substance Abuse Problem

Campbell first argues that he received ineffective assistance because John L. Drennan, his trial and appellate counsel, has admitted to substance abuse problems that inhibit his ability to practice law.[3] Specifically, Campbell points to Drennan's arrest for possession of cocaine on December 8, 2007,[4] and the subsequent nine-month suspension of Drennan's law license. § 2255 Pet. Exs. 6 and 7.

Drennan's admitted cocaine abuse is indeed troubling. See In re Drennan, 381 S.C. 381, 382 (S.C. 2009) ("Respondent admits that he in fact had possession of cocaine in his vehicle at the time of his arrest. Respondent admits he has a substance abuse problem and, further, that substance abuse is a serious problem which impacts all aspects of his life, including his fitness to practice law."). However, generalized assertions, such as those found in Campbell's petition, do not automatically result in a successful

---

[3] Campbell's reply to the government's motion to dismiss identifies two separate ineffective assistance claims related to Drennan's substance abuse: (1) that Drennan rendered ineffective assistance because of his admitted drug use; and (2) that Drennan rendered ineffective assistance because his use of cocaine presented a conflict of interest with his representation of Campbell, who was prosecuted for cocaine trafficking. Pet'r's Traverse 3-4, 7-8, Sept. 1, 2009. The court construes these overlapping issues as a single claim, that Campbell received ineffective assistance of counsel due to Drennan's drug use.

[4] Drennan's arrest occurred six months after the Fourth Circuit affirmed Campbell's conviction and sentence and over two and a half years after Campbell's trial.

5

ineffective assistance claim. The Fourth Circuit has explained that an attorney's pattern of substance abuse does not amount to ineffective assistance unless the petitioner provides specific instances where his attorney's deficient performance was caused by substance abuse. Frye v. Lee, 235 F.3d 897, 907 (4th Cir. 2000) ("[I]n order for an attorney's alcohol addiction to make his assistance constitutionally ineffective, there must be specific instances of deficient performance attributable to alcohol."); see also United States v. McInerney, 156 F.3d 1240, at *1 (9th Cir. Aug. 21, 1998) (Table) ("[E]ven if counsel were addicted to cocaine, [petitioner] must point to specific instances of ineffectiveness."); Bonin v. Calderon, 59 F.3d 815, 838 (9th Cir. 1995) ("Because evidence of drug use is not relevant in and of itself, the district court did not abuse its discretion in refusing to admit evidence that [attorney] Charvet used drugs [before and during his client's trials]."); Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994) ("[D]rug use alone does not establish ineffectiveness."); Berry v. King, 765 F.2d 451, 454 (5th Cir. 1985) ("[U]nder Strickland the fact that an attorney used drugs is not, *in and of itself,* relevant to an ineffective assistance claim.") (emphasis in original).

It is not enough for Campbell to allege that Drennan had a substance abuse problem, or even that Drennan was abusing cocaine while he represented Campbell. To justify habeas relief, Campbell must show that Drennan's drug use caused him to provide ineffective assistance *in a particular instance*. Even when the court liberally construes the 2255 Petition, there is no allegation of any specific instance in which Drennan performed deficiently as Campbell's counsel, as a result of cocaine use or for any other reason. As a result, this ineffective assistance claims fails.

**B. Counsel's Failure to Assist with Preparation of the 2255 Petition**

Campbell also argues that Drennan rendered ineffective assistance during Campbell's preparation of the 2255 Petition.[5] Campbell asserts that the ineffective assistance of counsel standards that are relevant to all critical stages of criminal proceedings should also apply "through habeas review." Pet'r's Traverse 7. In support of his argument, Campbell offers several affidavits that illustrate the difficulties he and his friends and family members have faced in their attempts to obtain documents related to his case from Drennan. See Deloris Campbell Aff. 1-2, Mar. 11, 2009; Geratha Williams Aff. 1-3, Mar. 11, 2009; Latoya Williams Aff. 1-3, Mar. 11, 2009.

As an initial matter, the court notes that, through the efforts of its staff, Campbell received copies of his legal files and trial transcripts at least as early as the beginning of 2012 and has had ample time to review those documents during the pendency of these proceedings. More to the point, there is no constitutional right to counsel in § 2255 proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."). Where there is no constitutional right to counsel, there can be no ineffective assistance of counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982); Coleman v. Thompson, 895 F.3d 139, 144 (4th Cir. 1990).

---

[5] Campbell's ineffective assistance allegations relating to the preparation of the 2255 Petition are directed solely at John L. Drennan, his former attorney. Campbell does not complain of the performance of assistant federal public defender Ann B. Walsh, whom the court appointed to represent Campbell in both his motion for a reduction in sentence and, since June 2012, in the 2255 Petition. Indeed, Walsh's representation of Campbell has been beyond reproach.

Drennan did not represent Campbell for the purposes of filing the 2255 Petition. But even if Drennan had so represented Campbell, Drennan could not have provided constitutionally ineffective assistance where there is no constitutional right to counsel. As a result, this ineffective assistance claim fails.

### C. Counsel's Advice on Possible Sentence

Campbell's last contention is one that he raises for the first time in the Rule 7 Motion. He asserts that he received ineffective assistance when Drennan incorrectly advised him, in the context of a government plea offer, that the maximum sentence Campbell would face at trial was ten years. R. 7 Mot. 2, Ex. A. The government objects that this new claim is improper because: (1) it goes beyond the boundaries of Rule 7; (2) it is time-barred; and (3) it fails to allege ineffective assistance of counsel during plea negotiations as described in recent Supreme Court jurisprudence. The court addresses these issues in turn.

#### 1. Rule 7

Rule 7(a) of the Rules Governing Section 2255 Proceedings states that "If the motion [for § 2255 relief] is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." The types of materials that the judge may require "include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be considered as part of the record." R. Governing § 2255 Proceedings 7(b). The rule "is akin to an evidentiary rule rather than a rule allowing a petitioner to amend [his] Motion." Thrasher v. United States, 721 F. Supp. 2d 480, 484

n.10 (E.D. Va. 2010), appeal dismissed, 412 F. App'x 582 (4th Cir. Feb. 24. 2011), cert. denied, 132 S. Ct. 351 (Oct. 3, 2011).

Rule 7 is not a vehicle through which Campbell may add additional arguments to the 2255 Petition; rather, it is designed to "provide[] a convenient method for supplementing [the trial judge's] files if the case warrants it." R. 7 Governing § 2255 Proceedings advisory committee's note. Campbell's Rule 7 Motion, however, does not simply attempt to supplement the record with documents, exhibits, and answers to interrogatories. Rather, it advances an entirely new argument that has never before been made in Campbell's collateral attack of his conviction.

This is an improper use of Rule 7. The motion will be denied.

### 2. Timeliness

The court next considers Campbell's request to treat the Rule 7 Motion as a motion to amend pursuant Rule 15 of the Federal Rules of Civil Procedure. Recasting the Rule 7 Motion as a motion to amend cannot save Campbell's new ineffective assistance claim because the claim is untimely.

The Fourth Circuit has explained that

> When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading."

United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (quoting Fed. R. Civ. P. 15(c)(2)) (denying petitioner's request for leave to amend that would have added new claims to his original ineffective assistance claims).

Campbell raised his new ineffective assistance claim well outside the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Pittman, 209 F.3d at 316. The 2255 Petition and his traverse in response to the government's motion for summary judgment were filed in 2009. The Rule 7 Motion was not filed until July 16, 2012, more than two and a half years later. Drennan's alleged improper advice regarding Campbell's possible prison sentence is unrelated to the allegations that Drennan used drugs while representing Campbell and that Drennan failed to assist with the 2255 Petition. Moreover, Campbell was aware of this alleged error by March 30, 2006, the date on which he was sentenced, at the very latest.[6] If Drennan indeed advised Campbell that he faced no more than a ten-year sentence at trial, then Campbell surely knew that Drennan had erred on the day the court sentenced Campbell to life imprisonment.

While the court has deemed the 2255 Petition to be timely, the Rule 7 Motion contains an additional claim that was brought well outside AEDPA's statute of limitations. "Because the amended claims do not relate back to the original motion, they are barred by the statute of limitations and therefore [are] futile." Pittman, 209 F.3d at 318. Even if the court treated the Rule 7 Motion as a motion to amend pursuant to Rule 15, the claim contained therein is time-barred.

---

[6] Campbell's Presentence Investigation Report (the Report), prepared on December 28, 2005 and revised to reflect the objections of counsel on February 28, 2006, informed Campbell that he had a total offense level of 43 and a criminal history category of III, resulting in a guideline range of life imprisonment plus a consecutive five-year sentence because of his gun conviction in Count 52. Report ¶ 128. Campbell filed objections to the Report on February 24, 2006, Addendum to Report 2, so he must have known of the severity of his sentence at least by the date those objections were filed.

### 3. Right to Counsel During Plea Negotiations

Because the court has determined that the Rule 7 motion is both improper and time-barred, the court need not consider whether Campbell's motion articulates a valid claim of ineffective assistance of counsel during plea bargaining under <u>Missouri v. Frye</u>, --- U.S. ---, 132 S. Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, --- U.S. ---, 132 S. Ct. 1376 (2012).

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** the government's motion for summary judgment, **DENIES** Campbell's § 2255 petition, and **DENIES** Campbell's motion to expand the record pursuant to Rule 7 of the Rules Governing § 2255 Proceedings. Campbell's motions to compel, ECF Nos. 895 and 899, are **MOOT**.

The court also **DENIES** issuing a certificate of appealability because Campbell has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 26, 2013
Charleston, South Carolina**